McRady *v.* Thomas.

J. A. McRady *v.* J. W. Thomas *et al.*

1. COLLATERAL SECURITY. Where the holder of collateral security conveys it to a trustee to secure pre-existing debts, the trustee takes no better title than his assignor had.

2. SAME. Collateral security given by a debtor to his surety enured to the benefit of the creditor, who may subject it in equity, without a judgment, even against the principal debtor.

FROM MAURY.

Appeal from the Chancery Court at Columbia. W. S. FLEMING, Ch.

N. S. RAINEY for complainant.

W. H. TIMMONS, BARNETT & HUGHES and G. P. FRIERSON for defendants.

FREEMAN, J., delivered the opinion of the court.

Complainant had a judgment against Stephen Jordan, before a justice of the peace, stayed by J. W. Thomas. When the stay expired Jordan was insolvent, Thomas good, and would have the debt to pay, which it would press him to do, however. Thereupon he got a friend to go with him to aid him in persuading complainant to give him further time in which to pay. It was agreed at this interview that Thomas should himself confess a new judgment for the sum due, and stay it by a responsible man, and in consideration of this the time was prolonged until expiration of such stay. The judgment was confessed, but stayed by an irresponsible man, Thomas agreeing, on notice of this, that he would procure a responsible one, which, however, he failed to do.

About the time of this arrangement, Jordan placed in the hands of Thomas some jennets, and probably a jack, as collaterals, to indemnify him against the liability he was under as stayor for the debt. This is denied by Thomas, but the testimony makes the fact clearly that way.

In the meantime Thomas, during the suspension of activity on the judgment resulting from the stay, conveyed by deed of trust all his available property, to secure other debts, and in one conveyed the jack and jennets placed in his hands by Jordan as collateral indemnity.

McRady *v.* Thomas.

The question for decision is, whether complainant can subject this property to payment of his debt, as against the trustee and beneficiaries under that deed? The trustee and beneficiaries, in such a case, stand in the shoes of the assignor, and take precisely such title as he had to convey, no more, no less. It is a conveyance to secure a pre-existent debt, and this, under our law, excludes the idea of their being innocent purchasers for value, so as to get a higher title than that held by the assignor.

It has been uniformly held, since the case of *Breedlove* v. *Stump*, 3 Yer., 256, that an indemnity or collateral security given by a debtor to his surety, enures to the benefit of the creditor who may subject it in equity, without a judgment even against the principal debtor: 2 Cold., 407; 5 Cold., 396; 3 Heis., 530. Such property is a trust fund for the benefit of the creditor, who has always been held entitled to proceed directly to have it appropriated, on the principle that it is provided for the better security of the debt, and this trust gives a court of equity jurisdiction for its administration: 3 Yer., 264.

These principles conceded, it follows complainant is entitled to appropriate this property to his debt in this case. The property was, in the hands of Thomas, charged with a trust for its appropriation to complainant's debt, and it would be a breach of trust, both as to the creditor and Jordan, to allow it to be otherwise appropriated, under the facts stated.

The result is, the decree of the chancellor dismissing the bill, and report of the Referees approving

---

---

that decree, will, the one be reversed, and the other disapproved. A decree will be entered in favor of the complainant in accord with this opinion. Costs be paid by defendants.